IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS D. TERRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-587-JPG |
| ) | |
| MADISON COUNTY SHERIFF'S DEPT., ) | |
| DR. BLANKENSHIP, ) | |
| NURSE MARTY MAJOR, ) | |
| and NURSE BRANDI, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the Madison County Jail ("the Jail"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A .

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

1

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

On August 30, 2016, at the Madison County Jail, Plaintiff was seen by Dr. Blankenship and Nurse Brandy. (Doc. 1, p. 12). Plaintiff informed them that he had been shot. His medical records reflect that the shooting happened on August 21 or 22. (Doc. 1, p. 17). Upon examining Plaintiff, Blankenship and Brandy said that it looked like a "graze" and not a bullet wound. They gave Plaintiff Motrin and band-aids while they waited for his hospital records.

Plaintiff continued to have pain in his wounded leg. On September 10, 2016, Plaintiff saw Brandy again and explained his belief that he had a bullet lodged in his thigh. Brandy again responded that Plaintiff had not been shot, but only grazed. She ordered x-rays and continued

him on Motrin and band-aids.

On September 12, 2016, x-rays were taken. Plaintiff could see the fragment in the images. (Doc. 1, pp. 12-13). He requested pain medication, but was denied (he does not say by whom). Plaintiff was told that he would be called back when the x-ray results were in.

On September 23, 2016, Plaintiff sent a request to the Captain, asking him to look into the x-ray status as Plaintiff was still in pain. On September 27, a response came back saying that the x-rays did not reveal a bullet, as reflected in Plaintiff's original records. (Doc. 1, pp. 4, 13). Plaintiff disputes this comment, however, because the original records "clearly state left thigh retained round." (Doc. 1, pp. 13, 19-20). Plaintiff includes an x-ray report dated August 22, 2016, as well as other medical records, stating that a bullet fragment was identified in his upper medial left thigh. (Doc. 1, p. 15, 21). Based on this contradiction, he claims Jail officials knowingly lied to him about the bullet wound.

Plaintiff's exhibits include a request dated September 29, 2016, from Nurse Major for Plaintiff's hospital records, which states, "Please send records that bullet was or was not removed from inmate's left femur for [date] 8-22-16." (Doc. 1, p. 35).

Plaintiff continued to suffer pain as time went on. On October 24, 2016, his public defender requested Plaintiff's medical records from the Jail. On November 3, 2016, Nurse Major saw Plaintiff. She told him he did not have a bullet in his thigh, but put him on 300 mg Neurontin. This medication did not help Plaintiff.

On November 10, 2016, Plaintiff was called to see Dr. Blankenship and Nurse Major again. They continued to insist that Plaintiff had not been shot and did not have a bullet in his leg. Plaintiff told them that he had an entry wound but no exit wound, and asked where the bullet went. Another set of x-rays was taken on November 15, 2016. A correctional officer who was present saw the bullet in the x-ray, as did the technician. (Doc. 1, pp. 6-7; 13). The report

3

from the x-ray stated: "Bullet medial left upper thigh compatible with given history." (Doc. 1, pp. 13, 43).

Based on these events, Plaintiff claims that Blankenship, Major, and Brandy knowingly lied about his bullet wound and refused to give him proper medical care. (Doc. 1, pp. 10, 13). He seeks money damages. (Doc. 1, p. 14).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to characterize the *pro se* action in a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Claim against all Defendants for deliberate indifference to Plaintiff's medical needs arising from a gunshot wound to his left leg.

Count 1 shall proceed for further consideration against some of the Defendants.

## Count 1 – Deliberate Indifference to Serious Medical Needs

Plaintiff was housed in the Madison County Jail when his claims arose, and he continues to be confined there. This suggests that he was a detainee awaiting trial on a criminal charge; however, the Complaint does not reveal Plaintiff's status. Claims brought pursuant to § 1983, when involving pre-trial detainees, arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Nonetheless, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted

prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

To state a claim for deliberate indifference to medical care, a detainee (or a convicted prisoner) must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jackson*, 300 F.3d at 764-65.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

In Plaintiff's case, his painful gunshot wound was an objectively serious medical condition. Dr. Blankenship and Nurses Brandi and Major were aware of Plaintiff's injury, and they provided him with some treatment and testing. The critical question here is what these medical-provider Defendants knew about the full extent of his injury. Some scenarios would support a claim for unconstitutional deliberate indifference. For example, if they knew that

5

Plaintiff had a bullet fragment lodged in his leg, but lied about it (as he believes), and failed to provide necessary treatment, Plaintiff has a viable civil rights claim. Likewise, if they had reason to suspect the presence of a bullet fragment but failed to take appropriate or timely steps to diagnose or treat the condition, Plaintiff may prevail. On the other hand, if the Jail doctor and nurses were simply negligent in their assessment and treatment of Plaintiff's condition, or even if their actions constituted malpractice, there would have been no constitutional violation.

In addition to these issues, Plaintiff states that medical personnel, which may have included these 3 Defendants, failed or refused to give him appropriate medication to relieve his serious and ongoing pain from the bullet wound. The failure to treat pain may also support a claim for deliberate indifference to medical needs.

At this early stage of the action, the Court cannot determine whether or not Blankenship, Major, or Brandi violated Plaintiff's constitutional rights. **Count 1** shall therefore proceed for further consideration against these Defendants.

However, the Madison County Sheriff's Department shall be dismissed from the action without prejudice. In order to obtain relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Here, the Complaint does not suggest that the alleged failure to properly treat Plaintiff's gunshot wound was caused by a policy or practice of the Madison County Sheriff's Department or any other division of the County government.

**Count 1** shall proceed only against Defendants Blankenship, Major, and Brandi.

### Pending Motions

Plaintiff's motions for recruitment of counsel (Docs. 3 and 5) shall be referred to the United States Magistrate Judge for further consideration.

## Disposition

Defendant **MADISON COUNTY SHERIFF'S DEPARTMENT** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **BLANKENSHIP, MAJOR,** and **BRANDI**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Docs. 3, 5).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 10, 2017**

*s/J. Phil Gilbert*
United States District Judge